# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1118V

| | |
|---|---|
| LISA A. WHITEHEAD,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2024 |

*Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA,* for Petitioner.

*Joseph Adam Lewis, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 2, 2020, Lisa A. Whitehead filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration (known as SIRVA) a defined Table injury or, in the alternative caused-in-fact injury, after receiving an influenza vaccine on October 3, 2019. Petition at 1-2, ¶¶ 3-4, 34-35. On September 14, 2023, I issued a decision awarding compensation to Petitioner, following briefing by the parties. ECF No. 59.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $67,944.17 (representing $66,601.00 in fees and $1,343.17 in costs). Petitioner's Motion for Fees and Costs, filed Oct. 10, 2023, ECF No. 63. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 63-4.

Respondent reacted to the motion on October 23, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 65.

On October 23, 2023, Petitioner filed a reply, emphasizing Respondent's statement that "he is satisfied the statutory requirements for an award of attorneys' fees and costs." Petitioner's Reply to Respondent's Response re: Motion for Fees and Costs. ECF No. 66. Petitioner asks that I "proceed to a consideration of and decision on [his] motion at this time." *Id.*

Having considered the motion along with the invoices and other proof filed in connection, I find several reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 63 at 3-4. However, a few of the tasks performed by Mr. Moeller and Ms. Nobbe are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). This reduces the amount of fees to be awarded by **$1,214.00**.[4]

### B. Billed Hours

Regarding the number of hours billed, I deem the *total* amount of time devoted to demand preparation and briefing damages to be excessive. *See* Status Report, filed July 29, 2022, ECF No. 45 (reporting conveyance of Petitioner's demand); Status Report, filed December 21, 2022, ECF No. 52 (reporting an impasse in damages discussions); Petitioner's Damages Brief, filed Feb. 8, 2023, ECF No. 56; Petitioner's Responsive Damages Brief, filed Feb. 23, 2023, ECF No. 57. Petitioner's counsel expended

---

[3] These entries describing the preparation and filing of medical records as exhibits in this case, dated as follows: 8/4/20, 10/27/21 (0.4 hours of this entry), 11/30/21, 12/1/21, 1/18/22 (0.4 hours of this entry), 6/3/22, 7/25/22, 8/22/22, 9/26/22, and 1/17/23. ECF No. 63-1 at 7, 18, 20, 26, 28, 30, 32, 35.

[4] This amount consists of ($242 - $95) x 2.0 hrs. + ($363 - $110) x 1.2 hrs. + ($379 - $125) x 2.0 hrs. + ($408 - $137) x 0.4 hrs. = $1,214.00.

approximately 22.7 hours drafting the brief and 15.5 hours drafting the reply brief, totaling 38.2[5] hours. ECF No. 63-1 at 35-36. Additionally, Petitioner's counsel previously expended 55.1[6] hours preparing her demand, which does not include an additional 4.6 hours discussing the status of the demand with Petitioner. Furthermore, these tasks involved the work of three attorneys, two of whom billed at hourly rates ranging from $313 to $408 per hour, and thus suggesting some degree of unnecessary overlap/inefficiency compounding the excessive cost associated with these tasks.

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, once the sum in question is calculated, and where the issues presented are not complex, especially considering the substantial amount of time previously spent preparing Petitioner's demand. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[7] in which attorneys have accomplished this task in about half the time.[8] *See,* e.g., *Mulloy v. Sec'y of Health & Hum. Servs.*, No. 19-1396V (Nov. 6, 2023) (19.7 and 9.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Gao v. Sec'y of Health & Hum. Servs.*, No. 21-1884V (Oct. 25, 2023) (16.5 and 9.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Knasel v. Sec'y of Health & Hum. Servs.*, No. 20-1366V (Oct. 25, 2023) (11.5 and 13.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Langdon v. Sec'y of Health & Hum. Servs.*, No. 20-1311V (Oct. 25, 2023) (12.5 and 12.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mantagas v. Sec'y of Health & Hum. Servs.*, No. 20-1720V (Oct. 17, 2023) (6.7 and 4.2 hours billed for drafting a damages brief and

---

[5] These totals are calculated as follows: 18.8 hours billed on 2/7/23 (two entries), 2/8/23, 2/9/23 (two entries), 2/16/23, 2/20/23, 2/21/23, and 2/23/23 by Robert Moeller at a rate of $408; and 19.4 hours billed on 2/3/23, 2/4/23, 2/6/23, 2/7/23, 2/8/23 (two entries), 2/9/23, 2/20/23, and 2/28/23 Coyreen Weidner at a rate of $313. ECF No. 63-1 at 35-36.

[6] This total is calculated as follows: 19.3 hours billed on 3/25/21, 3/26/21, 3/30/21, 4/21/21, 5/27/21, 6/1/21, 6/2/21, 6/7/21 (two entries), 6/9/21, 6/14/21, 6/15/21, 6/16/21 (three entries), and 6/17/21 by Kaitlin Boettcher at a rate of $220; 13.4 hours billed on 6/2/21, 8/25/21, 10/26/21, 10/27/21, 11/4/21, 11/8/21, 11/16/21, 11/19/21, 12/16/21 (two entries), 12/17/21, 12/22/21, and 12/29/21 billed by Coyreen Weidner at a rate of $220; 17.5 hours billed on 1/18/22, 1/31/22, 7/12/22, 7/18/22, 7/24/22, 7/25/22, 7/26/22, 7/27/22, 7/28/22 (two entries), and 7/29/22 by Coyreen Weidner at a rate of $274; 2.1 hours billed on 11/8/21, 12/1/21, 12/16/21, and 12/17/21 by Robert Moeller at a rate of $363; and 2.8 hours billed on 1/18/22, 7/28/22, and 7/29/22 (two entries) by Robert Moeller at a rate of $379. ECF No. 63-1 at 17-23, 25-27, 29-31.

[7] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[8] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited July 21, 2023).

responsive damages brief, respectively); *Majerus v. Sec'y of Health & Hum. Servs.*, No. 20-1346V (Oct. 17, 2023) (11.0 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cosden v. Sec'y of Health & Hum. Servs.,* No. 20-1783 (Aug. 8, 2023) (6.3 hours billed for drafting a damages brief); *Balch v. Sec'y of Health & Hum. Servs.*, No. 20-0872V (June 30, 2023) (18.7 hours billed for drafting a damages brief); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively). And, even when I have found the amount of briefing time to be excessive, other counsels time spent finalizing a demand has been significantly lower. *See*, e.g., *Moreland v. Sec'y of Health & Hum. Servs.,* No. 18-1319V, 2023 WL 7104781 (Fed. Cl. Spec. Mstr. Aug. 31, 2023) (noting counsel spent 8.5 hours on demand preparation).

I recognize that the demand preparation in this case was more protracted due to Petitioner's ongoing treatment and second shoulder surgery approximately five months prior to conveyance of her demand. However, counsel in other cases involving multiple shoulder surgeries have billed more reasonable amounts of time to prepare damages briefing. *See,* e.g., *Edmininster v. Sec'y of Health & Hum. Servs.,* No. 19-0184V, 2023 WL 4308578 (Fed. Cl. Spec. Mstr. Apr. 24, 2023) (involving two shoulder surgeries).

The circumstances of this case did not warrant devoting so much time to demand preparation and damages briefing. The parties agreed upon the amount of past expenses, and the only area of dispute was the appropriate amount of compensation for Petitioner's past pain and suffering. *See Whitehead v. Sec'y of Health & Hum. Servs.,* No. 20-1118V, 2023 WL 6810959 (Fed. Cl. Spec. Mstr. Sept. 14, 2023). The parties' views differed by $60,000.00 - Petitioner sought $210,000.00, and Respondent countered with

5

$150,000.00. *Id.* Even recognizing that the amount I ultimately awarded ($199,000.00) was close to that proposed by Petitioner – supporting the *need* for damages briefing, I still find the amount of time expended to be excessive.

Of course, having prevailed in this case, a fees award is generally appropriate. *See Whitehead*, 2023 WL 6810959, at *6. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for demand preparation (**a total of 55.1 hours, or $13,812.50)**[9] and damages briefing (**a total of 38.2 hours, or $13,742.60)**[10] by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[11] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $8,266.53.**[12]

### ATTORNEY COSTS

Petitioner requests $1,343.17 for attorney's costs, and has provided supporting documentation for all claimed attorney costs. ECF No. 63-2. Additionally, Respondent offered no specific objection to the rates or amounts sought. Thus, I will award the amount of attorney's costs sought in full.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$58,463.64 (representing $57,120.47 in fees and $1,343.17 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.**

---

[9] This amount is calculated as follows: 32.7 hrs. x $220 + 17.5 hrs. x $274 + 2.1 hrs. x $363 + 2.8 hrs. x $379 = $13,812.50.

[10] This amount is calculated as follows: 18.8 hrs. x $408 + 19.4 hrs. x $313 = $13,742.60.

[11] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[12] This amount is calculated as follows: ($13,742.60 + $13,812.50) x .30 = $8,266.53.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[13]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[13] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.